IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| RICHARD IPSON, an Individual, | ) | Case No.: |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| BAXTER CHRYSLER JEEP, INC., f/k/a PAA, INC. and PAS, INC. and d/b/a BAXTER AUTO GROUP, a Nebraska Corporation, MICHAEL BENNETT, an Individual, and MARCIE HENRY, an Individual, | ) ) ) ) ) ) | **Trial By Jury Demanded** |
| | ) | |
| Defendants. | ) | |
| | ) | |

## COMPLAINT

COMES NOW the Plaintiff through his attorney, Michael J. Merrick and Merrick Law Firm LLC, and for his Complaint against Defendants states as follows:

### Nature of the Action

1.  This is an employment discrimination and retaliation action. Defendants fired Plaintiff because of his disabilities and need to take medical leaves of absence in the future and the sex discrimination complaint he lodged against his supervisor.

### Jurisdiction & Venue

2.  Subject matter jurisdiction is premised on the federal question jurisdiction, 28 U.S.C. § 1331, as Plaintiff's claims under the Americans with Disabilities Act, as amended by the Americans With Disabilities Act Amendments Act of 2008, 42 U.S.C. §12101 *et seq.* ("ADA"), the Family and Medical Leave Act, 29 U.S.C. §§2612-2615 ("FMLA"), and Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§2000e *et seq.*, arise under federal law. This Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. §1367.

3. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) and 42 U.S.C. § 2002e-5(f)(3) as Defendants reside, have employees and do business in this judicial district, a substantial part of the events or omissions giving rise to these claims occurred in this judicial district, and Plaintiff would have remained employed in this judicial district but for the unlawful employment practices alleged herein.

**Parties**

4. Plaintiff Richard Ipson is a citizen of the United States and at all relevant times was employed by Defendant Baxter.

5. Defendant Baxter Chrysler Jeep, Inc. is an automobile dealership formerly known as PAA, Inc. and PAS, Inc. and doing business as Baxter Auto Group ("Baxter") in Omaha, Nebraska.

6. Defendant Michael Bennett was at all relevant times employed by Baxter as General Manager at Baxter Used Cars at the Westroads. Upon information and belief, Mr. Bennett resides in this judicial district.

7. Defendant Marcie Henry was at all times relevant herein employed by Baxter as its Human Resources Manager. Upon information and belief, Ms. Henry resides in this judicial district.

**Common Allegations**

8. Mr. Ipson commenced employment with Baxter in June 2012.

9. In 2016 Mr. Ipson was a salesperson at Baxter Used Cars at the Westroads in Omaha, Nebraska.

10. In 2016 Marcy Browning was also employed as a salesperson at Baxter Used Cars at the Westroads.

11. In 2016 Joe Sell was a Sales Manager and a direct supervisor of Mr. Ipson and Ms. Browning.

12. In 2016 another Sales Manager known as "LD" was also a direct supervisor of Mr. Ipson and Ms. Browning. Upon information and belief, LD is an abbreviation for Ladarius Murray.

13. General Manager Bennett was Mr. Sell's and LD's direct supervisor.

14. At all relevant times Mr. Ipson met or exceeded Baxter's legitimate performance expectations.

15. Mr. Ipson has been diagnosed with and received medical treatments for several health conditions including, but not limited to, bladder cancer, skin cancer, advanced chronic obstructive pulmonary disease (COPD), hypertension, and obstructive sleep apnea (collectively "health conditions").

16. In 2016 Mr. Ipson disclosed his health conditions to Mr. Sell, LD, Mr. Bennett, and Ms. Henry.

17. In 2016 Mr. Ipson requested and received time off work to receive medical treatments for his health conditions.

18. In or about April 2016 medical tests revealed that Mr. Ipson had a very serious health problem which his healthcare providers thought may have been lung cancer.

19. In or about April and May 2016, Mr. Ipson disclosed his current medical condition to Mr. Sell, LD, Mr. Bennett and Ms. Henry and told them he would be needing to take medical leave from work for additional medical tests and treatments.

20. Ms. Henry explained to Mr. Ipson how Baxter's FMLA policy and short term disability (STD) and long term disability (LTD) benefits worked.

21. Ms. Henry told Mr. Ipson she would send him information and application forms for Baxter's FMLA, STD and LTD benefits.

22. But Ms. Henry never sent Mr. Ipson any information or application forms for Baxter's FMLA, STD and LTD benefits.

23. During 2016 Mr. Ipson observed that Mr. Sell gave Ms. Browning preferential treatment by closing specific sales for her and assisting her with increasing her sales generally.

24. Mr. Sell did not provide similar support for Mr. Ipson or other male employees.

25. In or about May 2016, Mr. Ipson complained to Mr. Sell about the preferential treatment Mr. Sell gave to Ms. Browning.

26. Mr. Ipson told Mr. Sell, "If I had tits (breasts) you wouldn't treat me this way," or words to similar effect.

27. Several days later on or about May 25, 2016, Mr. Bennett and Ms. Henry met with Mr. Ipson and asked him about the statement he had made to Mr. Sell.

28. Mr. Ipson told them that he made the complaint to Mr. Sell because at that time Mr. Ipson was trying to get a particular deal done and was frustrated he could not get any support from Mr. Sell.

29. Mr. Ipson explained further that Mr. Sell favors the female employees over the male employees in the used car division.

30. Mr. Ipson explained further that he meant no offense to Ms. Browning by the complaint he made to Mr. Sell.

31. In contrast, Mr. Ipson told them that LD had upset Ms. Browning by confronting her and falsely accusing her of having sex with another male employee.

32. Mr. Ipson told them he would never engage in any misconduct against female employees.

33. Mr. Ipson told them that Mr. Sell had been engaging in "reverse discrimination."

34. Mr. Bennett then told Mr. Ipson that they were letting him go because of his complaint to Mr. Sell.

35. Mr. Ipson told them he was simply expressing his opinion about discrimination in the workplace and it was unfair that he was being fired for it.

36. Mr. Ipson told them he was willing to apologize for his statement.

37. Mr. Ipson told them he could not lose his job and health insurance because he was dealing with too many health problems.

38. Mr. Ipson asked them how much longer he would have his health insurance.

39. Ms. Henry told him six more days.

40. Defendants fired Mr. Ipson on May 25, 2016.

41. Coarse language was commonly used by the male and female employees working in Baxter's used car division, including by management employees such as Mr. Sell, LD and Mr. Bennett.

42. Defendants did not follow their progressive discipline and performance improvement policies when they fired Mr. Ipson.

43. Defendants did not investigate Mr. Ipson's complaint of sex discrimination.

44. Defendants did not investigate LD's conduct towards Ms. Browning.

## COUNT I

### ADA DISABILITY DISCRIMINATION/
### WRONGFUL TERMINATION AGAINST BAXTER

45. Baxter violated the ADA by terminating Mr. Ipson's employment because he has an actual disability, has a record of having a disability, and/or Baxter regarded him as having a disability.

46. Baxter acted with malice and reckless indifference to Mr. Ipson's federally-protected rights.

47. As a direct and proximate result of Baxter's unlawful conduct, Mr. Ipson suffered damages.

## COUNT II

### NFEPA DISABILITY DISCRIMINATION/
### WRONGFUL TERMINATION AGAINST BAXTER

48. Plaintiff incorporates by reference paragraphs 1 through 47 as though fully set forth in this Count II.

49. Baxter violated the Nebraska Fair Employment Practice Act (NFEPA) by terminating Mr. Ipson's employment because he has an actual disability, has a record of having a disability, and/or Baxter regarded him as having a disability.

50. As a direct and proximate result of Baxter's unlawful conduct, Mr. Ipson suffered damages.

## COUNT III

### ADA RETALIATION AGAINST BAXTER

51. Plaintiff incorporates by reference paragraphs 1 through 50 as though fully set forth in this Count III.

52. Baxter retaliated against Mr. Ipson for exercising his rights under the ADA by terminating his employment because he took medical leave and advised Defendants of his intent to take medical leave in the future.

53. Baxter acted with malice and reckless indifference to Mr. Ipson's federally-protected rights.

54. As a direct and proximate result of Baxter's unlawful conduct, Mr. Ipson suffered damages.

## COUNT IV

### NFEPA RETALIATION AGAINST BAXTER

55. Plaintiff incorporates by reference paragraphs 1 through 54 as though fully set forth in this Count IV.

56. Baxter retaliated against Mr. Ipson for exercising his rights under the NFEPA by terminating his employment because he took medical leave and advised Defendants of his intent to take medical leave in the future.

57. As a direct and proximate result of Baxter's unlawful conduct, Mr. Ipson suffered damages.

## COUNT V

### FMLA INTERFERENCE AGAINST ALL DEFENDANTS

58. Plaintiff incorporates by reference paragraphs 1 through 57 as though fully set forth in this Count V.

59. Baxter is a covered employer under the FMLA.

60. Mr. Ipson was an eligible employee under the FMLA.

61. Mr. Ipson suffered from serious health conditions as defined by the FMLA.

62. At different times in 2016 Mr. Ipson exercised his rights under the FMLA and took intermittent leaves of absence to receive medical treatment.

63. In or about April and May 2016, Mr. Ipson advised Defendants of his anticipated need for FMLA leave in the near future.

64. Defendants interfered with Mr. Ipson's rights under the FMLA by terminating his employment and health insurance before he could take anticipated FMLA leave.

65. As a direct and proximate result of Defendants' unlawful conduct, Mr. Ipson suffered damages.

## COUNT VI

## FMLA DISCRIMINATION/RETALIATION AGAINST ALL DEFENDANTS

66. Plaintiff incorporates by reference paragraphs 1 through 65 as though fully set forth in this Count VI.

67. Defendants willfully discriminated and retaliated against Mr. Ipson by engaging in the unlawful misconduct described herein because he had exercised his rights under the FMLA and advised Defendants of his intent to exercise his FMLA rights in the future.

68. As a direct and proximate result of Defendants' unlawful conduct, Mr. Ipson suffered damages.

## COUNT VII

## TITLE VII RETALIATION AGAINST BAXTER

69. Mr. Ipson incorporates by reference paragraphs 1 through 68 as though fully set forth in this Count VII.

70. Baxter retaliated against Mr. Ipson in violation of Title VII by terminating his employment because he had complained about unlawful sex discrimination.

71. As a direct and proximate result of Baxter's unlawful conduct, Mr. Ipson suffered damages.

## COUNT VIII

## NFEPA RETALIATION AGAINST BAXTER

72. Mr. Ipson incorporates by reference paragraphs 1 through 71 as though fully set forth in this Count VIII.

73. Baxter retaliated against Mr. Ipson in violation of the NFEPA by terminating his employment because he had complained about unlawful sex discrimination.

74. As a direct and proximate result of Baxter's unlawful conduct, Mr. Ipson suffered damages.

**WHEREFORE**, Plaintiff respectfully prays for judgment in his favor and against Defendants for the following make-whole relief:

A. Preliminary and permanent injunctions enjoining Defendants from discriminating or retaliating against Plaintiff;

B. Lost past and future wages and benefits in an amount to be proven at trial;

C. Compensatory damages in an amount to be proven at trial;

D. Liquidated damages;

E. Punitive damages;

F. Interest;

G. Other equitable relief including back pay, reinstatement and/or front pay;

H. Plaintiff's reasonable attorneys' fees and costs incurred herein; and

I. For such further relief that the Court may deem just and equitable.

## JURY DEMAND

Plaintiff demands trial by jury on all issues herein.

## REQUEST FOR PLACE OF TRIAL

Plaintiff requests Omaha as the place for trial.

                RICHARD IPSON

                By: /s/Michael J. Merrick
                      Attorney For Plaintiff
                      Bar No. 19855

Michael J. Merrick
Merrick Law Firm LLC
Historic Library Plaza
1823 Harney Street, Suite 300
Omaha, NE 68102
Tel (402) 933-4256
Fax (402) 513-6504
merrick@merricklawfirm.com